JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES – GENERAL

Case No. SA CV 14-1877-DOC (DFMx)                      Date: July 27, 2015

Title: IMEMCO INC. v. LUMENIS INC., ET AL.

PRESENT:

THE HONORABLE DAVID O. CARTER, JUDGE

| Deborah Goltz | Not Present |
|---|---|
| Courtroom Clerk | Court Reporter |

| ATTORNEYS PRESENT FOR PLAINTIFF: | ATTORNEYS PRESENT FOR DEFENDANT: |
|---|---|
| None Present | None Present |

**PROCEEDINGS (IN CHAMBERS):**    **ORDER GRANTING DEFENDANTS' MOTION TO DISMISS [18]**

      Before the Court is Defendants Lumenis Inc. and Lumenis LTD's ("Defendants") Motion to Dismiss ("Motion") (Dkt. 18). The Court finds this matter appropriate for resolution without oral argument. Fed. R. Civ. P. 78; L.R. 7-15. Having reviewed the papers and considered the parties' arguments, the Court hereby GRANTS Defendants' Motion and DISMISSES Plaintiff's case WITH PREJUDICE.

## I.     Background

###     A.     Facts

      Plaintiff Imemco Inc. ("Plaintiff") possesses all right, title and interest previously held by Iran Memco LTD ("Iran Memco"). Complaint ("Compl") (Dkt. 1) ¶ 6. In February 2003, Iran Memco contracted with Lumenis (Holland) BV ("Lumenis Holland") to become Lumenis Holland's exclusive distributor of Aesthetic, Surgical, and Ophthalmic Laser systems in Iran. Compl. Ex. 4; *see generally* Decl. of Jessica B. Jensen

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SACV 14-1877-DOC (DFM)                        Date: July 27, 2015
                                                                                                                             Page 2

re: Motion to Dismiss (Dkt. 19), Attach. 1, Ex. 6 ("Agreement").[1] The Agreement contained the following provision regarding sales commissions:

> If a [Lumenis Holland] quote leads to a customer sale and subsequent customer payment, then [Iran Memco] will receive a commission.

Agreement at 18. The Agreement also contained the following Forum Selection Clause

> This Agreement shall be construed with and governed by the laws of England and the parties by their execution hereof shall be deemed to have submitted irrevocably to the exclusive jurisdiction of the English High Court of Justice.

By June 2007, at which point the business relationship had ended, Lumenis Holland owed Iran Memco $144,000 in sales commissions ("the Commissions"). Compl. ¶ 11.

When Iran Memco sought to recover the Commissions, it learned the United States Treasury Department was investigating the transactions giving rise to the sales Commissions. *Id*. Ex. 5, 7. Therefore, the funds could not be paid until that investigation concluded. *Id*. Ex. 7. To date, the funds have not been paid.

### B. Procedural History

Plaintiff filed suit in the Central District of California on November 26, 2014. *See* Compl. The Complaint seeks declaratory relief regarding Plaintiff's rights to the Commissions, *id*. ¶ 19, injunctive relief ordering Defendants to surrender the Commissions to the Court during the pendency of the action, *id*. ¶ 24, and an accounting of Defendants' records to determine precise amount owed, *id*. ¶ 30.

Defendants filed a Motion to Dismiss on June 5, 2015. *See* Mot. Plaintiff did not file its Opposition to the Motion until June 22, 2015 ("Opp'n") (Dkt. 23). Rather than dismiss the matter for failure to oppose, the Court excused Plaintiff's late filing. *See*

---

[1] Plaintiff included a portion of the Agreement between Iran Memco and Lumenis Holland as an attachment to its Complaint. Compl. Ex. 2. Defendants request that the Court take judicial notice of the entire Agreement. Declaration re: Motion to Dismiss (Dkt. 19), Attach. 1, Ex. 6. The Court will consider the entirety of the Agreement for the purposes of this Motion. *Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir. 1994), *overruled on other grounds by* 307 F.3d 1119, 1121 (9th Cir. 2002).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SACV 14-1877-DOC (DFM)                         Date: July 27, 2015
                                                                                                                                                  Page 3

Order re: Motion to Dismiss (Dkt. 26). Plaintiffs filed an Amended Reply in Support of the Motion to Dismiss ("Reply") (Dkt. 27) on July 6, 2015.

Defendants move to dismiss on four grounds: (1) that Plaintiff's claims are subject to the forum selection clause, (2) that Defendant Lumenis LTD was never properly served, (3) that neither Lumenis LTD nor Lumenis Inc. is a proper party to this suit, and (4) that Plaintiff's claims are time-barred.

## II.    Legal Standard

Under Federal Rule of Civil Procedure 12(b)(6), a complaint must be dismissed when a plaintiff's allegations fail to set forth a set of facts which, if true, would entitle the complainant to relief. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) (holding that a claim must be facially plausible in order to survive a motion to dismiss). The pleadings must raise the right to relief beyond the speculative level; a plaintiff must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). On a motion to dismiss, this court accepts as true a plaintiff's well-pleaded factual allegations and construes all factual inferences in the light most favorable to the plaintiff. *See Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008). The court is not required to accept as true legal conclusions couched as factual allegations. *Iqbal*, 556 U.S. at 678.

In evaluating a Rule 12(b)(6) motion, review is ordinarily limited to the contents of the complaint and material properly submitted with the complaint. *Van Buskirk v. Cable News Network, Inc.*, 284 F.3d 977, 980 (9th Cir. 2002); *Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1555 n.19 (9th Cir. 1990). Under the incorporation by reference doctrine, the court may also consider documents "whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading." *Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir. 1994), *overruled on other grounds by* 307 F.3d 1119, 1121 (9th Cir. 2002). The court may treat such a document as "part of the complaint, and thus may assume that its contents are true for purposes of a motion to dismiss under Rule 12(b)(6)." *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003).

Additionally, the court may take judicial notice of certain items without converting the motion to dismiss into one for summary judgment. *Barron v. Reich*, 13 F.3d 1370, 1377 (9th Cir. 1994). For instance, the court may take judicial notice of facts "not subject to reasonable dispute" because they are either: "(1) [] generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. SACV 14-1877-DOC (DFM)                                    Date: July 27, 2015
                                                                                                                                             Page 4

sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201; *see also Harris v. Cnty. of Orange*, 682 F.3d 1126, 1132 (9th Cir. 2012) (noting that the court may take judicial notice of "undisputed matters of public record," including "documents on file in federal or state courts," as well as "documents not attached to a complaint . . . if no party questions their authenticity and the complaint relies on those documents").

Dismissal with leave to amend should be freely given "when justice so requires." Fed. R. Civ. P. 15(a)(2). This policy is applied with "extreme liberality." *Morongo Band of Mission Indians v. Rose*, 893 F.2d 1074, 1079 (9th Cir. 1990); *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (holding that dismissal with leave to amend should be granted even if no request to amend was made). Dismissal without leave to amend is appropriate only when the court is satisfied that the deficiencies in the complaint could not possibly be cured by amendment. *Jackson v. Carey*, 353 F.3d 750, 758 (9th Cir. 2003).

### III. Discussion

#### A. Subject Matter Jurisdiction

Lumenis LTD argues that it was never properly served. "A federal court is without personal jurisdiction over a defendant unless the defendant has been served in accordance with Fed. R. Civ. P. 4." *Benny v. Pipes*, 799 F.2d 489, 492 (9th Cir. 1986). However "where subject-matter or personal jurisdiction is difficult to determine, and *forum non conveniens* considerations weigh heavily in favor of dismissal, the court properly takes the less burdensome course." *Sinochem Int'l Co. v. Malaysia Int'l Shipping Corp.*, 549 U.S. 422, 436 (2007). The Court therefore need not consider whether Lumenis LTD was properly served, and will consider as a threshold matter Defendants' arguments regarding the forum selection clause.

#### B. Forum Selection Clause

Defendants argue that this case is entirely barred by the forum selection clause in the underlying Agreement. Mot at 8-12. Plaintiff responds that the Agreement is not implicated because "there is no attempt to secure determination…that monies are due and owing." Opp'n at 12:23-24. Rather, Defendants are "acting in the capacity of a 'trustee' for the benefit of IRAN MEMCO, holding its funds in constructive trust." *Id* at 12:7-9 (internal quotation marks in original). Plaintiff argues that by withholding the Commissions, Defendants have engaged in "unlawful taking of property of another, and in this case, probably conversion." *Id*. at 12:17-18.

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. SACV 14-1877-DOC (DFM)                                            Date: July 27, 2015
                                                                                                                             Page 5

"A forum selection clause is 'prima facie valid and should be enforced unless enforcement is shown by the resisting party to be 'unreasonable' under the circumstances.'" *Pelleport Investors, Inc. v. Budco Quality Theatres, Inc.*, 741 F.2d 273, 279 (9th Cir. 1984) (quoting *The Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 10 (1972) (internal quotation marks in original)). To avoid a forum selection clause, a party must show that "enforcement would be unreasonable and unjust, or that the clause was invalid for reasons such as fraud or overreaching." *The Bremen*, 407 U.S. at 15.

In *Manetti-Farrow, Inc. v. Gucci America, Inc.*, 858 F.2d 509 (9th Cir. 1988), the plaintiff sought to avoid a forum selection clause by arguing its claims were "'pure' tort claims independent of the contract." *Id*. at 514 (quotation marks in original). The court determined that "[w]hether a forum selection clause applies to tort claims depends on whether the resolution of the claims relates to interpretation of the contract." *Id*. The court concluded that where "[e]ach of [plaintiff's claims] relates in some way to rights and duties enumerated in the…contract" that "they are within the scope of the forum selection clause." *Id*; *cf. Androutsakos v. M/V PSARA*, No. 02-1173-KI, 2004 WL 1305802, at *6 (D. Or. Jan. 22, 2004) (declining to enforce a forum selection clause "[b]ecause the resolution of plaintiff's claims…does not involve analyzing in any way whether the parties were in compliance with the contract.").

"When [] parties have agreed to a valid forum selection clause, a district court should ordinarily transfer the case to the forum specified in that clause. Only under extraordinary circumstances unrelated to the convenience of the parties should a…motion be denied." *Atl. Marine Constr. Co., Inc. v. U.S. Dist. Court for W. Dist. of Texas*, 134 S. Ct. 568, 581 (2013). But, "the appropriate way to enforce a forum-selection clause pointing to a state or foreign forum is through the doctrine of *forum non conveniens*." *Id*. at 580. In deciding whether to transfer or dismiss a case pursuant to a forum selection clause, "a district court may consider arguments about public-interest factors only," giving no weight to plaintiff's choice of forum or the parties' private interests. *Id*. at 581-82. "Public interest factors may include the administrative difficulties flowing from court congestion; the local interest in having localized controversies decided at home; [and] the interest in having the trial of a diversity case in a forum that is at home with the law." *Id*. at 581 n.6.

### C.     Application

The Agreement states "If a [Lumenis Holland] quote leads to a customer sale and subsequent customer payment, then [Iran Memco] will receive a commission."

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SACV 14-1877-DOC (DFM)                                      Date: July 27, 2015
                                                                                                                        Page 6

Agreement at 18. Plaintiff's right to the Commissions is therefore a "right[]…enumerated in the…contract." *Manetti-Farrow*, 858 F.2d at 514. In Plaintiff's own words, "IRAN MEMCO performed all of its duties under the contract dutifully, and eventually was owed the sum of not less than one hundred forty thousand dollars." Opp'n at 4:23-24. Plaintiff cannot sidestep the forum selection clause by claiming that its right to the Commissions has "long been resolved and determined." Opp'n at 12:26. Defendants do not concede owing any debt to Plaintiff. Mot. at 7:18. Lumenis' filing with the SEC, Compl. Ex. 7, is merely evidence of Plaintiff's right to the Commissions under the Agreement, it does not create a separate legal entitlement.

       Plaintiff cites no authority for its assertions that Defendants are acting as trustees or that the contract was completed and discharged. Indeed, the nearly two pages of Plaintiff's Opposition concerning the forum selection clause lack a single citation. *See generally* Opp'n at 11-13. Plaintiff has made no arguments that the clause is unreasonable, unjust, or invalid. *See generally* Opp'n. Although Plaintiff mentions that United States law is implicated, it fails to establish that enforcing the clause would be unreasonable.

       Thus, the Court concludes that the Forum Selection Clause is valid and enforceable. As this matter cannot be transferred to the proper court, it shall be DISMISSED WITH PREJUDICE. As this matter shall be dismissed with prejudice, the Court need not address Defendants' remaining arguments.

## IV.   Disposition

       For the reasons set forth above, Defendants' Motion to Dismiss is GRANTED, and Plaintiff's Complaint is DISMISSED WITH PREJUDICE. The Clerk shall serve this minute order on the parties.

MINUTES FORM 11                                                                                     Initials of Deputy Clerk: djg
CIVIL-GEN